## Howard v. Stearns Coal & Lumber Company, Limited, et al.

### (Decided June 6, 1919.)

### Appeal from McCreary Circuit Court.

Master and Servant—Injuries to Servant—Negligence—Sufficiency of Evidence.—In a servant's action for personal injuries, alleged to have been due to a defective jack which he was using, evidence that the defect was known to the defendants, or could have been known to them by the exercise of ordinary care, held insufficient to take the case to the jury.

J. W. RAWLINGS and JOHN W. SAMPSON for appellant.

O. H. WADDLE & SONS for appellees.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

Plaintiff, Lonnie Howard, brought this suit against the Stearns Coal & Lumber Company, Limited, and others, to recover damages for personal injuries. At the conclusion of the evidence, the court directed a verdict in favor of the defendants. Plaintiff appeals.

Plaintiff was a driver in the employ of the Stearns Coal & Lumber Company. Just prior to the accident, the car that he was driving jumped the track. He sent another driver after a jack to be used in placing the car on the track. The other driver went to Lee Ballou, the boss driver, to obtain the jack. Upon the return of the other driver with the jack, plaintiff began to operate the

jack with a wooden sprad used as a lever. After pressing down on the jack, he raised it two notches. He then raised it to the third notch. After remaining there for half a minute, it slipped and flew back, and the end of the lever struck him in the eye. While he did not see any defect in the jack, he stated that it must have been defective or it would not have slipped. James M. Hale testified that the defendant's foreman, John Wright, told him before the accident to be careful with the jack, that one man had got his finger cut off with it. Other witnesses testified that if the jack was properly caught, it would stand, if the jack was all right, but if the operator let loose of it too soon it would fly back. On direct examination, Silas Boyer stated that the jack that was used by plaintiff had slipped with him before the accident, but on cross-examination he stated that he was not positive that it was the same jack, and that he did not know whether the slipping of the jack was due to his fault or the fault of the jack.

To make out his case, it was necessary for plaintiff to show not only that the jack was defective, but that the defect was known to defendants or could have been known to them by the exercise of ordinary care. Even if we concede that the mere slipping of the jack, under the circumstances detailed by plaintiff, was some evidence of its defective condition, there is no evidence tending to show the character of the defect or how long it had existed. Evidence that the foreman knew that another employee had gotten his fingers cut off by the jack did not show any knowledge of any defect in the jack, because that accident may have been due entirely to the negligent operation of the jack. Had the witness, Boyer, adhered to his statement that the jack in question had slipped with him several times before the accident, this evidence might have been sufficient to show that the defendants could have known of its defective condition by the exercise of ordinary care, but the probative effect of his evidence was destroyed when he stated that he was not positive that the two jacks were the same, and admitted that he did not know whether the slipping of the jack that he used was due to his fault or the defective condition of the jack. We are therefore of the opinion that the court did not err in holding the evidence insufficient to take the case to the jury.

Judgment affirmed.